IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02402-ZLW

VINCENT EUGENE WELLS,

    Plaintiff,

v.

BEVERLY DOWIS, Health Supervisor Administrator, Sterling Correctional Facility,
    Colorado Department of Corrections, in Her Official and Individual Capacities,
CHERYL SMITH, Colorado Department of Corrections Clinical Director, in Her Official
    and Individual Capacities,
PHYSICIAN'S HEALTH PARTNERS, Colorado Department of Corrections Insurer,
    Consultants, and Providers, in Official and Individual Capacities,
JO ANNE STOCK, Physicians Assistant, Colorado Department of Corrections, Sterling
    Correctional Facility, in Her Official Capacity,
JOSEPH FORTUNATO, Physician, Colorado Department of Corrections, Sterling
    Correctional Facility, in His Official and Individual Capacities, and
BARRY GOLDSMITH, Physician (M.D.), Colorado Department of Corrections, Sterling
    Correctional Facility, in His Official and Individual Capacities,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 16 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Vincent E. Wells, is a prisoner in the custody of the Colorado Department of Corrections who is currently incarcerated at the Sterling Correctional Facility. Mr. Wells filed a "Motion to Vacate Order Dismissing Complaint and Re-Instate the Complaint," on November 30, 2009, and a "Motion to Supplement the Record in Support of the Motion to Vacate Order," on December 3, 2009. The Court must construe the pleadings liberally because Mr. Wells is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The November 30, 2009, pleading, therefore, will be liberally construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Wells' motion to reconsider was filed within ten days of the final judgment in the instant action. Therefore, the motion will be considered pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in the complaint and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244. The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Wells fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

On October 9, 2009, Magistrate Judge Boyd N. Boland entered an order granting Mr. Wells leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. On November 20, 2009, the Court dismissed this action because Mr. Wells failed either to pay an initial partial filing fee of $12.00 or to show cause why he has no assets and no means to pay the initial partial filing fee by filing a current certified copy

2

of his trust fund account statement, as required by Magistrate Boland's October 9, 2009, Order.

In Mr. Wells' Motion to Reconsider, he states that he made several attempts to obtain a certified copy of his inmate account statement by submitting "Request for Interview Slips (kites)," to prison officials. Mr. Wells provides two memoranda from prison officials, apparently in response to his kites. In the memoranda, dated November 19, 2009, and November 20, 2009, Mr. Wells is informed that he must either submit a Motion to Proceed in Forma Pauperis, or a "signed Misc. withdrawal ticket" in order to receive a certified copy of his inmate account statement. As such, it is apparent that Mr. Wells did not follow his facility's procedures in order to obtain a certified copy of his inmate account statement. By his own admission, Mr. Wells attempted to obtain his inmate account statement by submitting "Request for Interview Slips (kites)," instead of the documents required by his facility.

In the October 9, 2009, Order, Mr. Wells was informed that it was his responsibility to have the $12.00 initial partial filing fee sent to the Clerk of the Court, or show cause why he has no assets by filing a current certified copy of his trust fund account statement. Mr. Wells failed to comply with this requirement within the deadline set forth in the October 9, 2009, Order, due to his failure to follow the necessary procedure required to obtain an inmate account statement. Mr. Wells also did not request an extension of time from the Court in order to comply with the deadline.

The Court, therefore, concludes that Mr. Wells fails to demonstrate some reason why the Court should reconsider and vacate the November 20, 2009, Order of Dismissal. Mr. Wells is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action.

Finally, in the "Motion to Supplement the Record in Support of the Motion to Vacate Order," filed on December 3, 2009, Mr. Wells submits a certified copy of his inmate account statement. However, as set forth above, Mr. Wells is long past the deadline by which he was required to submit his inmate account statement. Accordingly, the motion to supplement will be denied as moot. Accordingly, it is

ORDERED that the "Motion to Supplement the Record in Support of the Motion to Vacate Order," filed on December 3, 2009, is denied as moot. It is

FURTHER ORDERED that the "Motion to Vacate Order Dismissing Complaint and Re-Instate the Complaint," filed on November 30, 2009, is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this 16 day of December, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02402-ZLW

Vincent Eugene Wells
Prisoner No. 55293
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  12/16/09

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk